**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICTOR DIEP,

        Petitioner - Appellant,

v.

CHERYL K. PLILER, Warden,

        Respondent - Appellee.

Nos. 05-15397; 05-15398

D.C. No. CV 03-00308 MHP

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Marylin Hall Patel, District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: GOODWIN and W. FLETCHER, Circuit Judges, and MILLS,[**] District
Judge.

      California state prisoner Victor Diep appeals from a partial denial of his 28

U.S.C. § 2254 habeas petition and asserts that the district court erred in failing to

grant an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2253 and

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Richard Mills, United States District Judge for the
Central District of Illinois, sitting by designation.

review the denial of a habeas petition de novo. *Koerner v. Grigas*, 328 F.3d 1039, 1045-46 (9th Cir. 2003). A district court's denial of an evidentiary hearing on a habeas petition is reviewed for abuse of discretion. *Tilcock v. Budge*, 538 F.3d 1138, 1143 (9th Cir. 2008). This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which bars federal habeas relief unless the state court adjudication was "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). We affirm.

Diep argues that his Sixth Amendment rights were violated when state trial court jurors discussed Asians and speculated that Diep was a gang member. The state court's treatment of these discussions was not contrary to, or an unreasonable application of, clearly established federal law. Nor was it based on an unreasonable determination of the facts. Further, Diep is unable to show that the conversations about Asians and gang membership had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Therefore, the district court was correct to deny Diep's Sixth Amendment claim.

The district judge did not abuse her discretion in not granting an evidentiary hearing because the habeas petition did not raise any significant factual questions regarding jury misconduct, and instead suggested that there were enough facts in the record to decide the issue.

Moreover, Diep is barred from receiving an evidentiary hearing because he "failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). The term "failed to develop" has been interpreted to mean a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Michael Williams v. Taylor*, 529 U.S. 420, 432 (2000).

Diep relies heavily on supplemental juror declarations to advocate for an evidentiary hearing. However, these supplemental declarations were not part of the record before the state appellate court. The court noted that the declarations were not placed in the record, despite assurances from counsel. At oral argument, Diep's counsel could not explain why previous counsel did not introduce these documents. Because the record was not developed in the state court proceedings, Diep is barred from receiving an evidentiary hearing.

**AFFIRMED.**